IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 20–cv–01994–PAB–KMT


JOHN MICHAEL ELMORE,

      Plaintiff,

v.

ARTISAN AND TRUCKERS CASUALTY COMPANY,

      Defendant.

---

# ORDER

---

This matter is before the court on the "Joint Motion to Stay Discovery and Vacate Scheduling Conference Pending Resolution of Early Dispositive Motions." (["Motion"], Doc. No. 11.)  In their Motion, the parties request that discovery in this matter be stayed, pending resolution of their anticipated cross-motions for summary judgment.  (*Id.* at 1.)  For the following reasons, the Motion is GRANTED.

## STATEMENT OF THE CASE

On July 9, 2019, Plaintiff John Michael Elmore reportedly sustained "dramatic, life altering, and serious" injuries when an intoxicated third-party driver "sideswiped two vehicle[s] before striking Plaintiff on his legs against the rear of his vehicle[.]"  (["Complaint"], Doc. No. 3 at 2 ¶¶ 6-8.)  Plaintiff claims that his resulting "medical expenses total well over half a million dollars."  (*Id.* at 2 ¶ 9.)  At the time of the accident, Plaintiff held an automobile insurance policy

with Defendant Artisan and Truckers Casualty Company ["Artisan"], which included $100,000 worth of coverage for underinsured motorist ["UIM"] benefits.  (*Id.* at 3 ¶ 16.)  Elmore alleges that, subsequent to the accident, he submitted a UIM claim to Artisan for his policy limits, and met "[a]ll conditions precedent" for coverage.  (*Id.* at 3 ¶¶ 16, 18-19.)  Plaintiff complains, however, that the "fair and reasonable value" of his UIM claim "far exceeds the amounts offered by" Defendant, to date.  (*Id.* at 5 ¶ 28.)

Based on these allegations, on June 1, 2020, Elmore commenced this action in Colorado state court, asserting two claims against Artisan: (1) breach of contract for failure to pay UIM benefits reportedly owed to him under his insurance policy; and (2) unreasonable delay or denial of payment of a claim for benefits, pursuant to Colorado Revised Statutes §§ 10-3-1115 and 10-3-1116.  (Compl. 1-5 ¶¶ 5-31; *see* Doc. No. 1-3.)  Defendant subsequently removed the case to federal court, on July 8, 2020, pursuant to 28 U.S.C. § 1441, based on diversity of citizenship. (Doc. No. 1 at 1.)

Following removal, on August 6, 2020, the parties filed the present Motion, asking to stay this case pending resolution of their forthcoming cross-motions for summary judgment.[1] (Mot. 1.)  The parties argue that a discovery stay is appropriate in this case, because the cross-motions for summary judgment will exclusively address a "threshold legal issue in dispute"—the extent to which Plaintiff's insurance claim is precluded by the terms of his policy.[2]  (Mot. 2.)

---

[1] The parties report that they intend to file the cross-motions for summary judgment on or before October 9, 2020.  (Mot. 4.)

[2] Specifically, Defendant argues that it properly denied Plaintiff's claim, because "Plaintiff did not qualify as an insured as defined by the Policy at the time of the collision."  (Mot. 2.)  Plaintiff, on the other hand, contends that he is entitled to UIM benefits, "because he is listed as a rated driver

Both parties anticipate that the court "can resolve this coverage dispute as a matter of law based on undisputed facts." (*Id.*)  They argue that any further discovery at this stage of the proceedings would only "result in unnecessary expense to all parties[.]" (*Id.*)

## STANDARD OF REVIEW

The Federal Rules of Civil Procedure do not expressly provide for a stay of proceedings. Rule 26(c), however, permits a court to "make an order which justice requires to protect a party . . . from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c).  Further, "[t]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936) (citing *Kan. City S. Ry. Co. v. United States*, 282 U.S. 760, 763 (1931)).

In this District, a stay of discovery is generally disfavored. *See, e.g.*, *Miles v. BKP, Inc.*, No. 18-cv-01212-PAB-MEH, 2019 WL 5957296, at *1 (D. Colo. Nov. 13, 2019); *Rocha v. CCF Admin.*, No. 09-cv-01432, 2010 WL 291966, at *1 (D. Colo. Jan. 20, 2010); *Chavez v. Young Am. Ins. Co.*, No. 06-cv-02419-PSF-BNB, 2007 WL 683973, at *2 (D. Colo. Mar. 2, 2007). Nevertheless, the decision whether to stay discovery rests firmly within the sound discretion of the court. *United Steelworkers of Am. v. Or. Steel Mills, Inc.*, 322 F.3d 1222, 1227 (10th Cir. 2003) (quoting *Landis*, 299 U.S. at 254).

In ruling on a motion to stay discovery, five factors are generally considered: "(1) [the] plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice

---

on the Policy, and because he held an expectation that the Policy would afford coverage for this accident." (*Id.*)

to [the] plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest." *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 02-cv-01934, 2006 WL 8949955, at *2 (D. Colo. Mar. 30, 2006); *see United Steelworkers*, 322 F.3d at 1227. Further, "a court may decide that in a particular case it would be wise to stay discovery on the merits until [certain challenges] have been resolved." 8A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2040, at 198 (3d ed. 2010). "[A] stay may be appropriate if resolution of a preliminary motion may dispose of the entire action." *Serv. First Permits, LLC v. Lightmaker Vancouver (Internet) Inc.*, No. 18-cv-02089, 2019 WL 109335, at *3 (D. Colo. Jan. 4, 2019) (quoting *Elec. Payment Sols. of Am., Inc.*, No. 14-cv-02624, 2015 WL 3940615, at *1 (D. Colo. June 25, 2015)).

## ANALYSIS

In this case, as to the first factor, there is no evidence to suggest that Plaintiff will be prejudiced by a discovery stay. Indeed, Plaintiff does not oppose the stay. The first factor, therefore, weighs in favor of the imposition of a stay. *See Frasier v. Evans*, No. 15-cv-01759, 2015 WL 6751136, at *2 (D. Colo. Nov. 5, 2015) (finding the first factor to weigh in favor of a stay, because the plaintiff did not oppose the requested relief).

As to the second factor, the parties have set forth a convincing argument that additional discovery will not be needed to resolve the forthcoming cross-motions for summary judgment, as the motions will be predicated purely upon questions of law. Therefore, the court agrees that Defendant could be prejudiced by engaging in discovery at this time. *See Al-Turki v. Tomsic*, No. 15-cv-00524-REB-KLM, 2015 WL 8758745, at *2 (D. Colo. Dec. 15, 2015) (finding the

4

second factor to weigh in favor of a stay, where the underlying motion to dismiss raised only legal arguments for dismissal).

Looking to the remaining *String Cheese Incident* factors, the third "court convenience" factor also weighs in favor of stay.  By imposing a discovery stay in this case, judicial economy will be enhanced, because scheduling and discovery issues will not be raised, and the court will be able to focus its attention on the dispositive legal issues raised in the parties' cross-motions for summary judgment.  *See Burkitt v. Pomeroy*, 15-cv-02386, 2016 WL 696107, at *2 (D. Colo. Feb. 22, 2016) ("[I]t is certainly more convenient for the Court to stay discovery until it is clear that the case will proceed."); *Hildebrand v. Douglas Dynamics, Inc.*, 15-cv-00486, 2015 WL 2207773, at *1 (D. Colo. May 6, 2015) ("[I]t is early in the litigation and resolving legal issues at the early stage before discovery accords with judicial efficiency."); *Wolf v. United States*, 157 F.R.D. 494, 495 (D. Kan. 1994) ("[I]t is appropriate for a court to stay discovery until a pending dispositive motion is decided, especially where . . . the facts sought through uncompleted discovery would not affect the resolution of the motion[.]").  The fourth factor bears no weight, as there are no non-parties with significant, particularized interests in this case.  As to the fifth factor, the general public's primary interest in this case is an efficient and just resolution. Avoiding wasteful efforts by the court and the litigants serves that purpose.

Therefore, considering the *String Cheese* factors together, a stay of discovery is appropriate.

Accordingly, it is

**ORDERED** that the "Joint Motion to Stay Discovery and Vacate Scheduling Conference Pending Resolution of Early Dispositive Motions" (Doc. No. 11) is **GRANTED**.  Discovery in

this matter is **STAYED** pending disposition of the parties' cross-motions for summary judgment. The Scheduling Conference set for August 31, 2020 is **VACATED**.  It is further

ORDERED that the parties shall file cross-motions for summary judgment **no later than October 9, 2020**.   The parties shall file a joint status report **within ten days** of a ruling on the cross-motions for summary judgment, if any portion of the case remains, to advise whether the Scheduling Conference should be reset.

This 7th day of August, 2020.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge